UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| CARTER CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO.2:09-cv-131 |
| | ) *Judge Jordan* |
| CARTER COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM and ORDER

*Pro se* prisoner Carter Campbell has filed a civil rights complaint for injunctive relief under 42 U.S.C. § 1983, alleging that he is being subjected to discrimination based on his sexual orientation at the Carter County jail.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only

when such monthly income exceeds $10.00, until the full filing fee has been paid to the Clerk's Office. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). All payments should be sent to: Clerk, USDC; 220 West Depot Street, Suite 200; Greeneville, TN 37743.

To ensure compliance with the fee-collection procedures, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where plaintiff is now confined.

The "Statement of Claim" section of plaintiff's complaint reads, in its entirety:

> I belive (sic) I was refused a job at the Carter County Jail because I am Gay. They say its (sic) because I have to (sic) much time to get a job but they gave jobs to 4 other people with 4 years and more." (Compl., ¶ IV).

Plaintiff asks the Court to "help" him with his civil rights because he feels "that they are holding it against him [for] being gay." (Compl., ¶ V).

The Court now must screen the complaint to determine whether it should be dismissed as frivolous, malicious or for failure to state a claim. 28 U.S.C. § 1915(e)(2) and § 1915A. In performing this task, the Court bears in mind that the pleadings of *pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The jurisdiction of federal courts is limited to "cases and controversies." U.S. CONST. art. III, § 2, cl.1. Here, plaintiff seeks injunctive relief from the alleged wrongful

conditions to which he is being subjected at the Carter County jail but, since filing this action, he has notified the Court of his transfer to the Morgan County Correctional Complex in Wartburg, Tennessee. (Doc. 4). Clearly, it would not benefit plaintiff in the slightest to be given a job, free of sexual-preference discrimination, at the Carter County jail because he is no longer confined there. Accordingly, because there is no longer an issue regarding the issue complained of, this case presents no controversy for which a judicial remedy exists.

Plaintiff's transfer to a different facility has rendered this case **MOOT** and it will be **DISMISSED** by a separate order on this basis. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1978) (finding a case to be moot when the issues presented are no longer "live"); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (prisoner's transfer to another prison rendered moot his claims for injunctive and declaratory remedies) (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996)).

**ENTER:**

/s/ Leon Jordan
LEON JORDAN
UNITED STATES DISTRICT JUDGE

3

Case 2:09-cv-00131   Document 5   Filed 04/30/12   Page 3 of 3   PageID #: 15